BLANCH EHLEN, Infant, by her mother and next friend, BLANCH EHLEN *vs.* THE MAYOR AND CITY COUNCIL OF BALTIMORE, and others.

*Trusts—Participation by Cestui que trust in Breach of Trust.*

Where a *cestui que trust*, by sanctioning the acts of the trustee, participates in his breach of trust, whereby loss is occasioned to the trust estate, the interest of such *cestui que trust* in the trust property will be applied to make good the loss sustained by another *cestui que trust* who did not participate in such breach.

Where there has been a breach of trust, and a consequent loss of part of the trust estate, an innocent *cestui que trust* will be entitled, out of the remaining estate, to her share in the estate before the breach was committed.

APPEAL from the Circuit Court of Baltimore City.

This appeal was taken from a *pro forma* order of the Court below (DENNIS, J.) authorizing the trustee, W. L. Marbury, for the purpose of distribution, to sell the securities held by him, and directing the auditor to state an account, allowing, after deducting all costs and expenses, one-fifth of the net balance to Blanche Ehlen, the remaining net four-fifths, *pro rata*, to the Mayor and City Council of Baltimore, the Baltimore Fire Insurance Company, the Firemen's Insurance Company and the National Farmers' and Planters' Bank of Baltimore, in

proportion to the respective amounts paid by them under the decree in the case of *Marbury, Trustee vs. Ehlen, and others.* The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., ROBINSON, BRYAN, FOWLER, PAGE, ROBERTS, and McSHERRY, J.

*Alexander H. Robertson,* and *William A. Fisher,* for the appellant.

*Thomas G. Hayes, City Councillor,* for the appellee, the Mayor and City Council of Baltimore.

*Wm. Pinkney Whyte,* for the appellee, the Baltimore Fire Insurance Company.

*George Whitelock,* for the appellee, the Firemen's Insurance Company.

*\*Arthur Geo. Brown,* and *\*Stewart Brown,* for the appellee, the National Farmers' and Planters' Bank of Baltimore.

ROBINSON, J., delivered the opinion of the Court. .

This is the *third appeal* in matters relating to this trust estate, and in the consideration of the question now before us, it is necessary to refer briefly to the course which this litigation has taken. John H. Ehlen directed his estate, upon the death of his wife, to be divided into eight parts, and one of these parts he devised to his son, John F. Ehlen, in trust for the support and maintenance of such children as "*he might then or thereafter have.*" The one-eighth allotted to John F. Ehlen, trustee, amounted to $16,670.16, and consisted of stocks,

*Not present at the hearing.

bonds and other securities. With the consent of his five children, the *cestuis que trust*, the trustee used the trust property in his business, in consequence of which the greater part of it was lost. In 1883, John H. Ehlen, son of the trustee, died, leaving a widow and an infant daughter, Blanche Ehlen. Afterwards, upon petition filed in behalf of the infant *cestui que trust*, the trustee was removed for a breach of trust, and William L. Marbury was appointed in his place. The newly appointed trustee found that the trust estate consisted in part of Baltimore City stock, which stood in the name of John F. Ehlen, trustee, on the books of the city register, and that this stock had been transferred by him to his son, Frank Ehlen, without the authority or sanction of the Court. He found, also, that certain shares of the Baltimore Fire Insurance Company, which stood in the name of John F. Ehlen, trustee, on the books of the company, had been transferred by him to his said son, without the authority of the Court. And upon a bill filed by Marbury, trustee, against the Mayor and City Council of Baltimore, and the Baltimore Fire Insurance Company, and the defendant corporations having, in the opinion of the Court, constructive notice that these shares of stock were trust property, and having permitted the trustee to assign them without lawful authority, they were held liable respectively for the loss which the trust estate had thereby sustained. *Marbury, Trustee vs. Ehlen, et al.*, 72 *Md.*, 206. In that case a paper was filed, signed by the *four surviving children of John H. Ehlen, former trustee*, by which they transferred to him their four-fifths interest in the trust property, and admitted that all the dealings of their father in regard to the trust estate were made *with their sanction, and by their authority*. Since the decision in that case, John F. Ehlen, the father and former trustee, has died; and by his death the trust under the will of John H. Ehlen has determined. Of the

Ehlen *vs.* Mayor, &c. of Baltimore, *et al.*

$16,000 which constituted the trust estate, there is now in the hands of the present trustee $3,617.15, being the amount recovered by him in the suit against the Mayor and City Council of Baltimore and the Fire Insurance Company; the rest of the trust property having been lost by the breach of trust on the part of John F. Ehlen, former trustee. And the question is, how is this trust fund in the hands of the trustee to be distributed?

The contention of Blanche Ehlen, the infant *cestui que trust*, is that the four *cestuis que trust*, children of John F. Ehlen, having participated in the breach of trust committed by him, in consequence of which the greater part of the trust estate has been lost, she is entitled to *her full share of the entire trust property.* In other words, of the $3617.15 in the hands of the present trustee for distribution, she is entitled to $3334.05, being one-fifth of $16,670.16 which passed into the hands of John F. Ehlen, trustee, under the will of his father. On the other hand, the four children of John H. Ehlen, former trustee, having assigned their beneficial interest in the trust property to him, and the Mayor and City Council and the Fire Insurance Company, claiming to be entitled by subrogation to the interest thus assigned, contend that the fund in question is to be distributed *equally* between the *five cestuis que trust.* Here, then, is a case in which a loss has been sustained by a breach of trust committed by a trustee, and in which four of the *cestuis que trust* participated. And such being the case, we take it to be well settled that where a *cestui que trust* takes part, or, in other words, participates in a breach of trust, whereby loss is occasioned to the trust estate, his interest in the trust property may be applied to make good the loss sustained by other *cestuis que trust,* who did not participate in such breach; or, as stated in some of the cases, if a *cestui que trust* takes part in a breach of trust, all

benefit that would have accrued to him from the trust estate may be stopped by the *innocent cestuis que trust*, until the amount impounded, with the accumulations thereon, has compensated the trust estate for the loss which the guilty *cestui que trust* is responsible. *Jacubs vs. Rylance, Law Rep.*, 17 *Eq. Cases*, 341; *Rolfe vs. Gregory*, 11 *Jur.*, *N. S.*, 98; *Bridgman vs. Gill*, 24 *Beav.*, 302; *Woodyatt vs. Gresley*, 8 *Sim.*, 180; *Williams vs. Allen*, 32 *Beav.*, 650; *Dixon vs. Dixon, L. R.*, 9 *Chan. Div.*, 557.

The defendant corporations, claiming by subrogation, are entitled only to such interests as the *cestuis que trust* themselves under whom they claim would have been entitled. They can claim by subrogation no other or greater interest. It follows then that Blanche Ehlen, an innocent *cestui que trust*, is entitled, out of the fund now in the hands of the trustee for distribution, to a sum equal to the one-fifth of the entire trust estate which passed into the hands of John F. Ehlen, trustee, under the will of his father.

There could be, it seems to us, no difficulty whatever in regard to this question, but from what was said in the latter part of the opinion of the Court in *Marbury's Case*, 72 *Md.*, 209. The real question, however, in that case, and we may say the only question, was whether the defendant corporations were liable for having permitted the shares of stock which stood in the name of John F. Ehlen, trustee, to be transferred by him without lawful authority. This trust property he held, under the will of his father in trust for such children as he then had, or might thereafter be born, and when the *Marbury Case* was heard, the trust thus created had not determined, the question as to the distribution of the trust property was not, therefore, before the Court. And if anything was said in that case in conflict with the views here expressed, it is sufficient to say, that it cannot be permitted to con-

trol our judgment when the direct question is presented
for our decision.

*Order reversed, and*
*cause remanded.*

(Decided 13th January, 1893.)