*598 The question is, whether the plaintiff, as assignee for the benefit of the creditors of Philip IT. Bruch, is entitled to the one-fourth part of the real and personal property in question, which it is agreed is of the total value of $103,550, or, whether the three devisees named in the will of John P. Bruch, deceased, other than said Philip IT. Bruch, are entitled to the whole thereof.
The plaintiff, as such assignee for the benefit of the creditors of said Philip H. Bruch, insolvent, has filed his petition herein for partition of the real estate devised by said John P. Bruch, deceased, together with that purchased by his trustee from proceeds of said estate. It is agreed that the total value of said real estate is $103,050. Said assignee, as such, claims title to one-fourth thereof by reason of a deed of assignment to him by said Philip Ii. Bruch, and claims that by virtue of the will of said John P. Bruch, deceased, the said Philip, together with the defendants, his sisters, Mrs. Pfaff and Mrs. Kipp, and his nephew, George Bruch, each tooh a vested remainder in the equal one-fourth part of said estate, subject only to the life estate of the widow of said John P. Bruch. The widow being deceased, and said estate not having been distributed, said assignee now seehs to have the real estate parted, that the one-fourth interest of said Philip H. Bruch therein may be applied by him for the benefit of said Philip H. Bruch’s creditors.
The defendants, Mary Pfaff, Louise Kipp and George Bruch, the two former being daughters of said John P. Bruch, deceased, and the latter a grandson of said decedent, and being three of the residuary legatees named in said will, deny that said Philip H. Bruch at the date of the death of said widow of said decedent, the time fixed in said will for the division of said estate among said devisees, was entitled to any part or portion whatever of the estate of said John P. Bruch,^ deceased, and that they, said three devisees, defendants, are entitled to the whole of said estate remaining at the death of Mrs. Bruch, for the reason, as claimed, that said Philip H. Bruch was named as trustee in said will; that he accepted said trust and as such trustee had full control and management of all the property and effects of said estate since 1883, the date of *599 testator’s death; and that by a decree of this court, in proceedings on appeal from the probate court on exceptions to the fourth account of said trustee, it was found and decreed that there was due said estate from said Bruck, as trustee, for moneys received by him from said estate, and unaccounted for, the sum of $36,452.49. Said defendants claim that by reason of the fact that said Philip H. Bruck, while acting as such trustee, .and before the time for a division of said estate among such ■devisees, by reason of having appropriated money of said estate -.to his own use, and by a maladministration of said estate, and for moneys unaccounted for by him, had taken and appropriated to himself more than his full one-fourth interest in said estate, .and that before he, or his assignee in insolvency, can claim any interest or share in any part of said estate now remaining, the said Philip must account to said estate by paying back into the fund thereof the amount of money found by the court that he owes the estate, together with interest, which amounts fo about $38,000.
The said defendants claim that inasmuch as the amount so taken and. appropriated by said trustee is more than one-fourth of what is agreed to be the total value of said estate, and said Bruck being now insolvent, and having executed no bond as trustee, none having been required of him under said will, that the remaining property of said estate belongs to said three defendants under said will, and they ask that the title thereto be quieted in said three defendants.
John P. Bruck’s will was probated May 14, 1883. Item two of said will provides:
“I give and devise all my property, real and personal, wherever situated to my son Philip H. Bruck, and his heirs, for ■and during the life of my wife, Margaret B. Bruck, in trust nevertheless, for the uses and purposes following, to-wit: To possess, manage and control the same, to lease and collect the rents of my real estate, to keep the same in repair and pay all taxes, insurance and other expenses incident to said realty, with power in my said trustee to sell at public or private sale •at such prices and on such terms as he shall think fit, all or any portion of my said real estate (excepting my homestead which lie may sell with the assent of my said wife) and deeds to pur *600 chaser to execute' and deliver in fee simple and invest the proceeds as hereinafter provided. And I hereby exonerate all such purchasers of real estate from responsibility for the application of the purchase money.
“I further direct that my said trustee may sell any part or all of my personal estate and shall invest, keep invested, collect and reinvest my personal estate, including the proceeds of real or personal estate sold by him in such property real or personal, and in such stocks, bonds and other securities, or in such buildings and improvements of real estate as he shall deem best for the interest of my estate, and to resell any of said property so purchased, and to exchange said investments according to his judgment and discretion. After discharging all the expenditures incident to the said trust as aforesaid, and retaining his compensation for discharging his duties, my said trustee shall pay over the net annual income of all my said estate to my said wife, Margaret B. Bruek, as long as she shall live. Any portion of the income of my said estate which my said wife shall not desire to receive and expend, shall be treated as part of the principal of my said estate.
“I further will and direct that my said trustee shall pay over to my said wife any such further sum or sums out of the principal of my said estate as she may from time to time find necessary for her comfortable and.ample support and enjoyment, and as she may demand for such' purpose. ’ ’
Item five of said will provides:
“I give, devise and bequeath all the rest, residue and remainder of my said estate, real and personal, after the death of my said wife to the following persons, their heirs and assigns, in equal portions, share and share alike to each a fourth, to-wit: My daughter, Mary A. Pfaff, wife of C. T. Pfaff; my son, Philip H. Bruek; my daughter, Louise Kipp, wife of Albrecht Kipp, and my grandson, George Bruek.”
Said Philip H. Bruek was nominated in said will as executor thereof, without bond, and by a codicil to said will said testator requested that no bond be required of said Philip H. Bruek as said trustee.
Said Philip H. Bruek qualified as executor and trustee under said will in theo year 1883, and no bond was required of him in either capacity by the probate court, and none was ever given.
Mrs. Margaret B. Bruek, widow of said testator, died in March, *601 1899. On December 15, 1899, said Philip H. Brack, being insolvent, executed and delivered a deed of assignment of all his property to the plaintiff for the benefit of his creditors.
Said Philip PI. Brack filed his first and final account as executor in November, 1883, and as trustee he filed his first account in May, 1886, his second account in March, 1888, his third account in July, 1892, all of which accounts were approved and confirmed by the probdte court. In April, 1900, he filed his fourth account as trustee. Exceptions were filed to said account and to said preceding accounts by the defendants, Mary Pfaff, Louise Kipp and George Brack, alleging in substance that said trustee and executor had not duly accounted for the personal property and money received and expended by him. The probate court rendered its judgment on a hearing on said exceptions and stated an account between said trustee and said estate. The above named defendants took an appeal from said judgment to this court, and, on a hearing on said appeal in March, 1903, this court found as the corrected balance of said account that there was due the said estate of John P. Brack from said Philip H. Brack, as such trustee, on March 2, 1903, the stun of $36,452.49, and adjudged, ordered and decreed that said Brack, as trustee of said estate, be charged on said fourth account with a balance due said estate in said above named sum.
No steps or proceedings to reverse or modify said finding and decree of this court has been taken by said Brack as trustee, and he has filed no other or further report. No order to said trustee has been made to distribute the personal property he holds as trustee, or to distribute said balance so found due from him on said fourth account, which balance is still due from said trustee to said estate.
The estate of said John P. Brack was free from debts, and there were no liens or claims against his said real estate, except some unpaid taxes and assessments. After the death of said Margaret B. Brack, said widow, the other beneficiaries under said will frequently requested said Brack, trustee, to make his final accounting to the probate court, and he was ordered so to do by said court, but he made no accounting or report to said *602 court, but continued to manage and control said estate until he made his assignment to the plaintiff, and then filed said fourth account.
The plaintiff contends that this proceeding is one strictly statutory for the partition of said real estate; that the relation of debtor and creditor only exist between said defendants and said Philip PI. Bruclc, and that said defendants must work out their rights like other creditors, after a sale of said Brack’s one-fourth interest in said premises, and that an order of partition should be granted the plaintiff herein.
I am of the opinion that the answer and cross-petition of said defendants pleads all facts necessary for a full determination of all the equities and rights of the parties herein, and, notwithstanding the plaintiff is here seeking by his petition statutory partition of said premises, the answer and cross-petition making, as in my opinion it dioes, a case in equity, the equitable rights of all parties in interest are here before the court for a full determination.
If Brack, as trustee of said estate', and having full charge, control and management thereof, appropriated to his own use out of the funds of said estate what is equal to or greater than his one-fourth part thereof devised to him under said will, and this prior to the time fixed by said will for a division of the remainder of said estate to said beneficiaries after the termination of Mrs. Brack’s life- estate, then the question is here presented for determination whether said Philip has any interest now remaining in the premises sought to be partitioned. If not, the plaintiff as such assignee of said Philip can maintain no interest therein under said assignment.
From the view I take of the case, I do not regard it material to determine whether said residuary legatees named in said will took a vested remainder in said estate at the death of said John P. Brack. Neither Philip H. Brack nor either of said residuary legatees by the terms of said will were entitled to any part of said estate during the life of Margaret B. Brack. The entire estate was placed in trust by said testator, and he intended said trust to continue so long as his said wife should live, and the entire net proceeds of said estate were to be paid *603 to her for her support during the period of her life; and if she determined it necessary for her support and enjoyment she could call on said trustee for further sums out of the principal of said estate.
From 1883 to the date of Mrs. Brack’s death in 1899, said Philip H. Brack had the full control and management of all the property of said estate, during which time he was not entitled to appropriate to himself any part thereof, but he did, as found by this court during said time, by'a maladministration of said trust and appropriating to his own use moneys thereof, become indebted to said estate in the, sum of more'than $36,000. It is contended in argument that said Brack was, under said will, trustee only for the life estate of Mrs. Brack, and not for that part thereof in remainder.
I am of the opinion that such construction can not be placed on said will.
The will, by its terms, devised all of testator’s property, real and personal, to said Brack in trust to possess, manage and control, to lease-and collect the rents, keep the property in repair, pay taxes, insurance and other expenses incident to said real estate. He had authority to sell all or any portion of the real estate, except the homestead, to execute and deliver deeds in fee simple to purchasers, and to invest the proceeds, and also to sell any part or all of the personal estate. It was his duty to invest and keep invested all such proceeds in stocks, bonds and other securities, or in such buildings and improvements of real estate as he deemed best for the interest of said estate. He could re-sell any of said property so purchased by him as trustee, and exchange investments- according to his judgment and discretion.
His authority as trustee was broad and extensive. In fact he had full and absolute control of said entire estate, and his judgment as to the manner of its management was absolute. No greater authority could have been conferred on a trustee than was conferred under this will to said Brack. The other beneficiaries who had an equal share with said Brack in the final division of the remainder of said estate at the death of Mrs. Brack had no right to, and did not, participate in the management of said property, or in directing said trustee.
*604 „ The duty then clearly devolved upon said trustee to so manage and preserve said property to the end that, at the death of Mrs. Brack, all that was> not consumed by her as provided by said will should be intact for an equal division among said four beneficiaries named. The evident intention of said testator was that each of said beneficiariés should take one-fourth of all his estate, including any additions thereto from proper investments, except only the portion thereof that may be consumed by his widow for her support and enjoyment during her life, and the necessary expenses and charges entailed in the care and management of the estate.
If Philip PI. Brack, one of said beneficiaries, and also the trustee, having taken advantage of his opportunity from having the possession, control and management of said estate, prior to the time for division thereof among said beneficiaries, appropriated to himself what is equal to or more than one-fourth part of all that remains of the estate, is he now, or his assignee in insolvency, in equity entitled to an additional portion thereof by sharing with the .other three beneficiaries in the estate now remaining.
The briefs of counsel upon this proposition are voluminous and exhaustive. I have studied them with care and deliberation, and have examined the authorities relied upon. It will not be necessary for me in this opinion to review many of the cases cited, and I will confine myself merely to those which I regard as controlling upon the question.
At the outset it must be borne in mind that the1 property in question, that which remains of the estate of John P. Brack, deceased, is not in any respect pioperty or moneys that Philip PI. Brack has mingled or mixed with his own individual moneys or property, but, on the other hand, it is all distinctively property of said estate, and readily identified as such.
Pomeroy says:
“If a cestui que trust is a party to, or concurs in, or even assents to, a breach of trust by the trustee, he debars himself thereby of all claims for relief.” Pomeroy’s Equi. Juris., Yol. 2, Section 1083.
“Where there are several beneficiaries, and one of them takes a part in a breach of trust, whereby a loss is occasioned, his in *605 terest in. the trust property may be reached, retained, and applied to make good the loss for the benefit of the other beneficiaries; and this equity extends, not only to the interest while in the hands of the wrong-doing cestui que trust, but also to those claiming it under or through him. ’ ’ Note to Section 1083 (supra).
“If a cestui 4ue trust, whether-tenant for life, or other person having a partial interest, be responsible for having joined in a breach of trust, all the benefit that would have accrued to him, either directly or derivatively, either from that trust fund or in any other estate comprised in the same settlement, may be stopped by the cestid que trust or other person having a similar equity as against him, his assignees in bankruptcy, or judgment creditors, the general creditors, and (except so far as the defense of purchase for value without notice may be applicable) against all who claim under him, until the amount impounded, with the accumulations, has compensated the trust estate for the loss for which that cestid que trust is responsible. ’ ’ Hill’s Lewin on Trusts, Vol. 2, p. 112.
Underhill says:
“The rule that a beneficiary in default shall take nothing, out while in default, applies all the more to the case of a beneficiary who is also a trustee. In both eases he must make good his indebtedness to the trust estate before he can claim a share in it. ’ ’ Underhill on Trusts, 386.
In Ehlen v. Mayor, 76 Md., 576, the facts in brief were: Ehlen willed his estate to be divided into eight parts. He devised one of these parts to his son John in trust for the support of John’s children. All of John’s children except one consented that John might use this share in business. This was done by John and it was lost. A new trustee was appointed and he recovered about $3,600 of the trust from those who held it wrongly. The child who had not given her consent for her father to invest this trust money in business sued to recover this $3,600 for herself, claiming that she had not so consented, and that she was entitled to have her full share of this sum. John being then insolvent this claim was contested by his creditors.
The court held the rule to be as above quoted, and that, “the creditors were entitled only to such interest as the guilty *606 cestui que trust under whom they claim would have been entitled.” And further:
“Where a cestui que trust participates in a breach of trust whereby a loss is occasioned to the trust estate, his interest in the trust property may be applied to make good the loss sustained by other cestuis que trustent who did not participate in such breach. If a cestui que trust takes part in a breach of trust, all benefit that would have accrued to him from the trust estate may be stopped by the innocent cestui que trust until the amount impounded, with the accumulations thereon, had compensated the trust estate for the loss which the guilty cestui que trust is responsible.”
The court cites many authorities in support of this rule, many of which are English cases, all of which, so far as I have investigated, appear to be uniform in favor of this holding.
It must be notedi in distinguishing the authorities that there is a radical difference in the rule between a case in which a beneficiary, who has not participated in a breach of the trust, is seeking to recover his share from that which remains of the trust estate, and a case in which the cestui que trust who committed the breach has entirely squandered or used up the trust estate, or has so mingled it with his own property that the property of the trust estate can no longer be identified.
In the latter case it would riot be equitable, as the authorities hold, to permit the innocent cestui que trust, as against creditors of the guilty cestui que trust, to take the property of the latter to make good their shares in the squandered trust estate. In such case they must come in and share as general creditors in the proceeds of any such property. There is no doubt under such state of facts as to the correctness of this rule. Many cases are cited by counsel for plaintiff to that effect.
But, in my opinion, the facts in the case at bar do not bring this case within that rule. The property in question here is either the identical property left in trust for said beneficiaries under the will of John P. Bruck, or property purchased from moneys belonging to said estate.
If Philip H. Bruck, as trustee, had sold all the real estate of said estate, and had squandered the money therefrom, or had *607 so mixed the money and effects with his own property so that it was not possible to distinguish or identify any of the property of said estate, and had then assigned all his property for the benefit of his creditors, the other beneficiaries under said will could not claim a superior right to be paid out of Philip H. Bruch’s estate, because the trust property is gone, and no longer remains to be distributed according to the terms of the will. Instead thereof -the property assigned is Bruch’s individual estate, and his general creditors are entitled to share equally in its distribution. But the trust property remaining, in this estate is not the property of Philip H. Bruch, and for that reason could not be assigned by him in his deed of assignment. And the only circumstances under which any part thereof could have been so assigned would be in event there was a residue remaining of his share as one of the beneficiaries after payment bach to said trust estate of the amount found due by him to said estate.
Any other conclusion, in my opinion, would not only be contrary to the best authorities both in this country and England, but it would be unjust and inequitable, and would in addition defeat the purpose and intention of said testator, which was to give each cestui que trust the full one-fourth of his estate remaining at the death of Mrs. Bruch. To permit Philip to tahe out more than one-fourth of said entire estate before the date of Mrs. Bruch’s death, no part of which he-has paid bach to the estate, and now to permit him to tahe in addition one-fourth of that which remains of the estate, would not only give him a decided advantage over the others, but would be giving him more than his father by express terms bequeathed and devised to him in his said will, and would be giving to the other three beneficiaries much less than was devised to them by said will.
This estate property remaining is, therefore, not the property of Philip H. Bruch. He has appropriated and used up his share therein, and his .creditors can have no rightful claim on any portion of the shares of the other beneficiaries. Many other authorities than here reviewed are cited by counsel, all of which I have consulted, but I can not tahe time here to review them, *608 some of which I will cite as instructive on the question here presented. Keever et al v. Hunter et al, 62 O. S., 616; Woodruff v. Snowden, 7 N. P., 520; Woodruff v. Woodruff, 3 C. C. N. S., 616; Ackerman v. Ackerman, 3 Law Rep., C. D., 212.
Another question here presented is whether the title to the real estate in question should be quieted in said three defendants, beneficiaries under said will of John P. Bruck.
If Philip H. Bruck had any interest whatever in what remains of said trust estate, after paying back the amount he owes said estate, this prayer of said defendants could not be granted.
As heretofore stated, it is' agreed that this court found that there was due said estate from Philip H. Bruck, as trustee, on March 2, 1903, the sum of $36,452.47. It is also agreed that said estate owes unpaid taxes and the balance of a special assessment in the sum of $7,000.
It is also agreed that the total value of all the real estate described in the petition, which is all the real estate belonging to the estate of said John P. Bruck, is $103,050, and that the total value of- all the personal property held by said Philip H. Bruck as trustee, exclusive of said balance so found due from him on said fourth account, does not exceed $500.
Deduct the $7,000 for delinquent taxes, which said estate will have to pay, from $103,550, the agreed entire value of said estate, real and personal, which leaves the net value of said estate $96,550. Add to this $36,452.49, the sum owed said estate by said trustee, would make the total value $133,002.49. The one-fourth interest of each beneficiary therein would be $33,-250.62, exclusive of interest on the amount owed by Brack to said estate. It is found that Philip has already taken out of said estate $36,452.49, which is $3,201.87 more than his one-fourth share in the entire estate.
If there was any question or doubt as to whether there would remain any interest of said Philip in said estate after paying back said sum of $36,452.49, the court would not be justified in quieting the title to said real estate in said defendants.
But all the figures above quoted including the entire total value of said estate, are agreed to by all parties here in interest.
The necessary conclusion is that by quieting the title in said *609 real estate in said defendants, the property, real and personal, of said estate would still fall short of paying to each beneficiary the amount appropriated by said Brack.
This being true, my conclusion is that the title to all the real estate described in the petition should be quieted in said three defendants, unless the sum so found due said estate by said Philip H. Brack, trustee, is paid back to said estate.
Concerning the judgment of the Commercial National Bank against Philip H. Brack, as set forth in said bank’s answer and cross-petition herein, it necessarily follows from the conclusions above stated that said Brack has no estate or interest in the real estate described in said petition, and that said bank has no lien on said real estate, or any part thereof, on its said judgment, and its prayer for relief herein is therefore refused.
The Franklin Insurance Company has by its second amended cross-petition set up a mortgage on the first parcel of real estate described in the petition, which mortgage was executed by Philip H. Brack, as trustee under the will of said John P. Brack, deceased, to the said Franklin Insurance Company, on January 31, 1895, to secure his promissory note of said date for the sum of $1,700. Said defendant prays to have the same protected as a lien on said parcel of land, and that the proceeds therefrom be applied to pay said mortgage indebtedness.
The question here presented is, is said mortgage indebtedness a valid lien on said real estate?
Counsel for said insurance company contends that such is a lien on Philip’s one-fourth interest in said real estate. For the reasons and conclusions above stated this contention can not be maintained. Said Philip, as heretofore found, has no interest in said real estate after applying his entire share in liquidation of the sum he owes said estate. Therefore the claim for the validity of said mortgage lien can not be sustained on that ground.
The only ground upon which said mortgage could be asserted as a valid lien on said parcel of land would be in the event that the will of said John P. Brack' conferred authority upon his said trustee to encumber said real estate.
*610 There is no express authority in said will conferred on said trustee either to borrow money or to encumber said estate. While there are some authorities which hold that the power to sell does include the power to mortgage, most authorities hold the contrary doctrine. In any event the circumstances of each particular ease must determine whether any such power is conferred under a will.
The fact that John P. Brack left an estate absolutely free from debts, except some unpaid taxes and assessments, which estate was large and valuable, consisting both of real estate and plaintiff was ordered to nail down those cleats, that at about personal property; and the fact that said testator directed his trustee to invest and keep invested the moneys of said estate, all goes to show conclusively, in my opinion, that said testator intended his said trustee to be a loaner and investor in securities, rather than to be a borrower. If the necessities of said estate had been such that its best interests may have been sub-served by borrowing money and encumbering the real estate to meet such an emergency, it would then present a more serious question than we have here. But no such emergency arose in the estate of John P. Brack, and for that reason I find that said trustee exceeded his powers and authority in executing said mortgage to said insurance company. For this reason I find that said mortgage on said parcel of real estate is not a valid lien thereon. Inasmuch as said insurance company, no doubt, believed that it had a valid lien by reason of said mortgage, and for that reason paid the delinquent taxes and assessments set forth in its second cause of action in the sum of $394.82, on said premises, and because of the further fact that said taxes and assessments should have been paid by said estate, I find that said insurance company should be paid the amount of said taxes and assessments, together with interest thereon, by said estate, and its prayer for relief on said second cause of action is sustained.
My conclusions, therefore, are: The prayer of the petition for partition is refused; the relief prayed for by the defendant, the Commercial Bank, on its answer and cross-petition, asserting said judgment as a valid lien on said real estate is refused, *611 subject to the payment back to said estate of the sum so found due from said Philip H. Bruck, trustee; the prayer of the defendant, the Franklin Insurance Company, on its first cause of action set forth in its cross-petition, asserting said mortgage as a valid lien on said first parcel of real estate described in the petition is refused, subject to said repayment to said estate of said sum found due from said Philip H. Bruck, trustee; and it is ordered that unless said sum, with interest, found due as aforesaid from said Philip H. Bruck, as trustee, to said estate be paid back to said estate within twenty days, that the title to all the real estate described in the petition be quieted in the defendants, Mary A. Pfaif, Louise Kipp and George Bruck, subject, however, to the lien for the taxes, and assessments, with the interest thereon, set forth in the second cause of action of the cross-petition of the defendant, the Franklin Insurance Company, on said first parcel of real estate described in the petition.
It is further ordered that said defendants, Mary A. Pfaif, Louise Kipp and George Bruck, pay the costs of this proceeding.